**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANTON PAT BARRETT, by and through its representatives ANTON FRANK BARRETT, PASHANEY BARRETT and A.P.B., a minor, by and through his guardian ad litem TASHA PERRY; ANTON FRANK BARRETT individually; PASHANEY BARRETT, individually and A.P.B., a minor, by and through his guardian ad litem TASHA PERRY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; SEAN KENNEY; WAYLON BOYCE; MARK THOMPSON; and DOES 1-50, inclusive; individually and in their official capacities as Police Officers for the CITY OF VALLEJO,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

1

# INTRODUCTION

1. These claims arise out of the wrongful death of ANTON PAT BARRETT, an unarmed father of 3, who was gunned down and then tasered by Vallejo Police Officers while attempting to surrender, on May 28, 2012. Additional claims arise out of the civil rights violations and personal injuries suffered by ANTON FRANK BARRETT, who was mauled by a police dog while his father ANTON PAT BARRETT laid dying a few yards away.

# JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within this judicial district.

# PARTIES

3. ANTON PAT BARRETT, an African American male, was shot and killed by Defendant City of Vallejo Police Officer SEAN KENNEY. ANTON PAT BARRETT was not married at the time of his death and died without leaving a will.  To the extent that this action seeks to recover damages for the violation of rights personal to ANTON PAT BARRETT, this action is maintained on behalf of the ESTATE OF ANTON PAT BARRETT, and by his successors in interest, A.P.B., a minor, by and through his guardian ad litem, TASHA PERRY, his daughter PASHANEY BARRETT, and his son ANTON FRANK BARRETT. Said plaintiffs are persons with standing to bring the action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

4. Plaintiffs herein ANTON FRANK BARRETT and PASHANEY BARRETT are now and at all times mentioned herein, competent adults and United States Citizens.  Plaintiffs are the surviving biological adult children of decedent, Anton Pat Barrett and have legal standing to maintain an action for wrongful death based upon the death of their father Anton Pat Barrett.

5. ANTON FRANK BARRETT presents his individual claims against the

2

City of Vallejo and individual Vallejo Police Officer's for injuries he incurred during his own detention and arrest on May 28, 2012 in addition to the unlawful shooting, tasing and death of his father, ANTON PAT BARRETT on the same date.

6. At all times mentioned herein, Plaintiff, A.P.B. by and through his guardian ad litem TASHA PERRY, is and was a resident of the State of California, County of Solano, and is a biological surviving son of Anton Pat Barrett and has legal standing to maintain an action for wrongful death based upon the death of his father, and is entitled to maintain causes of action which survive the death of Anton Pat Barrett Sr.

7. Defendant CITY OF VALLEJO (Hereinafter "Defendant") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

8. At all times mentioned herein, SEAN KENNEY, is sued in his individual and official capacity as a Police Officer for the City of VALLEJO.

9. At all times mentioned herein, WAYLON BOYCE, is sued in his individual and Individual and official capacity as a Police Officer for the City of VALLEJO.

10. At all times mentioned herein, MARK THOMPSON, is sued in his individual and official capacity as a Police Officer for the City of VALLEJO.

11. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership,

3

entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

## **FACTS**

16.  On May 28, 2012 at approximately 12:00 a.m. Mr. Anton Pat Barrett was driving in the City of Vallejo when Vallejo Police attempted to stop his vehicle. Mr. Anton Pat Barrett was accompanied by his nineteen-year-old son Mr. Anton Frank Barrett.

17.  The Vallejo Police Officers reportedly suspected Mr. Anton Frank Barrett, of driving under the influence.  The Officers pursued Mr. Barrett until he stopped his car in the rear of an apartment complex on Wilson Court.  When the father brought the car to a stop, he and his son both got out of the car and ran.

18.  Mr. Anton Frank Barrett ran through the apartment complex's parking and lot and toward a set of stairs.  As he neared the stairs, he looked and saw his father attempting to surrender to the Officers.  Mr. Barrett continued running towards Farragut Avenue when he suddenly heard gunshots coming from the direction of where he last saw his father.  Knowing that his father was unarmed, he sensed the Officers had shot his father.

19.   Anton Frank Barrett was frightened and scrambled to find a hiding

1   place, in order to prevent the Vallejo Police from shooting him too, so he
2   climbed behind some bushes and cowered in fear.

3       20.  As Anton Pat Barrett attempted to surrender to the Vallejo Police
4   Officers, Officer Sean Kenney shot this unarmed man, several times, without
5   legal justification. As Mr. Anton Pat Barrett lay on the ground bleeding and in
    agony from his gunshot wounds, a yet to be identified Vallejo Police Officer
6   added further insult to the fatal injuries by tasing the dying man.

7       21.   At some point during the incident Vallejo Police Officers Waylon
8   Boyce and Mark Thompson arrived on the scene and pursued Anton Frank
9   Barrett.

10      22.   Officer Thompson released his dog "Yago" and directed the animal
    to attack Anton Frank Barrett who was still frozen with fear in the bushes after
11  hearing multiple gunshots.  The animal began to maul Anton Frank Barrett
12  causing him to scream in pain as the dog mercilessly ripped into his flesh.  Like
13  his father, Mr. Anton Frank Barrett was unarmed.

14      23.   Vallejo Police Officer Waylon Boyce grabbed Mr. Anton Frank
15  Barrett and threw him onto the ground and handcuffed him. After Anton Frank
16  Barrett was handcuffed, Officer Boyce put pressure on Anton Frank Barrett's
17  head with his knee. Officer Boyce continued to increasingly apply pressure to
    Mr. Anton Frank Barrett's head while asking him a series of questions.
18
19      24.   Next Officer Thompson unjustifiably ordered "Yago"  to viciously
    maul Mr. Anton Frank Barrett again, despite the fact that he was handcuffed
20  and in custody. Officer Thompson threatened to kill Anton Frank Barrett during
21  the dog attack and called him a 'nigger.'  The dog continued to bite Anton
22  Frank Barrett in the face and legs until Officer Thompson physically restrained
23  the animal. The dog was so out of control that it bit Officer Thompson too.

24      25.   Mr. Anton Frank Barrett survived the attack and was later
    transported to Sutter Hospital where he was treated for multiple dog bites to his
25  face and legs.  Unfortunately, Anton Pat Barrett died as a result of his gunshot
26  wounds.

27      26.   Plaintiffs are informed and believe and thereon allege that CITY OF
28

VALLEJO and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline defendants: Vallejo Police Officers SEAN KENNEY, WAYLON BOYCE, MARK THOMPSON and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline the defendants demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up the defendants' misconduct.

27.   Plaintiffs are informed and believe and thereon allege that members of the Vallejo Police Department, including, but not limited to, defendants: SEAN KENNEY, WAYLON BOYCE, MARK THOMPSON and DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, Anton Pat Barrett and Plaintiff Anton Frank Barrett.

28.   Plaintiffs' are further informed, believe and therein allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Vallejo-- defendant CITY OF VALLEJO has long allowed its citizens, such as the decedent and Plaintiff Anton Frank Barrett to be abused by its police officers, including by and Vallejo Police Officers   SEAN KENNEY, WAYLON BOYCE, MARK THOMPSON and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

29.   Plaintiffs' are informed, believe and therein allege that CITY OF VALLEJO Police Officers shot and killed four men during a six-week period from May 25-July 4, 2012 and a total of six men during 2012 and further that the CITY OF VALLEJO has failed to discipline, or retrain any of the officers who used deadly force during the aforementioned 12 separate incidents.  The CITY OF VALLEJO'S failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting

deaths, false arrests and injuries is a proximate result of the CITY OF VALLEJO'S failure to properly supervise its Police Officers.

30. Plaintiffs' are informed, believe and therein allege that CITY OF VALLEJO knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice along with the complained of conduct and resultant injuries/violations.

## DAMAGES

31. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff's ESTATE OF ANTON PAT BARRETT, ANTON FRANK BARRETT, PASHANEY BARRETT and A.P.B were mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, moral and financial support.

32. ANTON FRANK BARRETT, PASHANEY BARRETT and A.P.B, by and through his Guardian Ad Litem, TASHA PERRY, is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

33. Plaintiff, ESTATE OF ANTON PAT BARRETT is entitled to recover damages pursuant to the right of survivorship for the pain and suffering A.P.B endured as a result of the violation of his civil rights.

34. As a further direct and proximate result of defendants' intentional and/or negligent conduct, plaintiffs ANTON FRANK BARRETT, PASHANEY BARRETT and A.P.B. have been deprived of decedent's support.

35. Plaintiffs' found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

(Plaintiffs ESTATE OF ANTON PAT BARRETT and ANTON FRANK BARRETT Against Defendants SEAN KENNEY, WAYLON BOYCE, MARK THOMPSON and DOES 1-25)

36.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 of this complaint.

37.  Defendants' above-described conduct violated Decedent and ANTON FRANK BARRETT'S right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Wrongful Death)

### (42 U.S.C. §1983)

(Plaintiffs ESTATE OF ANTON PAT BARRETT;
Plaintiff A.P.B., by and through his Guardian Ad Litem, TASHA PERRY; ANTON FRANK BARRETT, and PASHANEY BARRETT against Defendants KENNEY and DOES 1 – 25)

38.  Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 37 of this Complaint.

39.  Defendants acted under color of law by shooting and killing Decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violations of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**
**(42 U.S.C. § 1983)**
(Plaintiffs A.P.B., by and through his Guardian Ad Litem, TASHA PERRY; ANTON FRANK BARRETT and PASHANEY BARRETT against Defendants KENNEY and DOES 1 – 25)

40. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 39 of this Complaint as though fully set forth;

41. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable and unjustifiable deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of Decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Survival action: Violation of Decedent's 4th Amendment Rights)**
**(42 U.S.C. §1983)**
(Plaintiff ESTATE OF ANTON PAT BARRETT against Defendants KENNEY and DOES 1 – 25)

42. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. ANTON PAT BARRETT was forced to endure great conscious pain and

suffering because of the Defendants' conduct before his death;

44. ANTON PAT BARRETT did not file a legal action before his death;

45. Plaintiff ESTATE OF ANTON PAT BARRETT claims damages for the conscious pain and suffering incurred by ANTON PAT BARRETT, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(*Monell* – 42 U.S.C. section 1983)

(ESTATE OF ANTON PAT BARRETT and ANTON FRANK BARRETT against Defendant CITY OF VALLEJO and DOES 26-50)

46. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 45 of this Complaint.

47. Plaintiffs are informed and believe and thereon allege that high-ranking CITY OF VALLEJO officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers SEAN KENNEY, WAYLON BOYCE, MARK THOMPSON and DOES 1-25, and/or each of them.

48. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

49. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 26-50 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

50. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF VALLEJO police officers, including, but not limited to unlawful arrests, detentions and unreasonable uses of force not based on probable cause or legal justification.

10

51. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking CITY OF VALLEJO Police Department supervisors, Defendant DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
(Plaintiffs ESTATE OF ANTON PAT BARRETT, A.P.B., by and through his Guardian Ad Litem, TASHA PERRY, PASHANEY BARRETT and ANTON FRANK BARRETT against Defendants KENNEY and DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53. Defendants KENNEY and DOES 1 – 25 inclusive, by and through their respective agents and employees, proximately caused the death of decedent ANTON PAT BARRETT on May 28, 2012 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

54. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff's ANTON FRANK BARRETT, PASHANEY BARRETT, and A.P.B. have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

55. As a further actual and proximate result of said defendants' negligence,

11

plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

56. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (CALIFORNIA CIVIL CODE §52.1)

(Plaintiffs ESTATE OF ANTON PAT BARRETT and ANTON FRANK BARRETT against Defendants KENNEY, BOYCE, THOMPSON and DOES 1 – 25)

57. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 of this complaint.

58. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent and ANTON FRANK BARRETT'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Violation of State Statutory Rights)
### (Violation of CALIFORNIA CIVIL CODE §51.7)

(Plaintiffs ESTATE OF ANTON PAT BARRETT and ANTON FRANK BARRETT against Defendants KENNEY, THOMPSON, BOYCE and DOES 1 – 25)

59. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 57 of this complaint.

60. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants KENNEY, BOYCE, THOMPSON and DOES 1-25, inclusive, as described

12

herein, was motivated by racial prejudice against ANTON PAT BARRETT and ANTON FRANK BARRETT. Plaintiffs are and were readily recognizable as African-American. In addition, one or more of the Defendants used a racial epithet while in the process of using force and/or detaining ANTON FRANK BARRETT thereby violated his rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

61. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

62. As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
(Plaintiffs ESTATE OF ANTON PAT BARRETT & ANTON FRANK BARRETT v Defendants KENNEY, BOYCE, THOMPSON and DOES 1-25)

63. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 62 of this complaint.

64. Defendants' above-described conduct was extreme, unreasonable and outrageous.

65. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Assault And Battery)
(Plaintiffs ESTATE OF ANTON PAT BARRETT and ANTON FRANK BARRETT

Against Defendants KENNEY, BOYCE, THOMPSON, and DOES 1-25)

66. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 65 of this complaint.

67. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

### ELEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

(Plaintiff ANTON FRANK BARRETT against Defendants KENNEY & DOES 1-25)

68. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 67 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

69. The wrongful conduct of Defendants KENNEY and DOES 1-25 inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Anton Frank Barrett.

70. As a proximate result of Defendants KENNEY and DOES 1-25 inclusive, negligent conduct, Anton Frank Barrett has suffered severe emotional and mental distress from being present and hearing his father being gunned down and killed by Defendants KENNEY and DOES 1-25. This event resulted in a devastating traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

14

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants KENNEY, BOYCE, THOMPSON and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

**LAW OFFICE OF JOHN L. BURRIS**

Dated: April 30, 2013          s/ John L. Burris
                                            John L. Burris, Esq.