JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq. SBN 236229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
Adante.pointer@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANTON BARRETT, by and through its representatives ANTON FRANK BARRETT, PASHANEY BARRETT AND A.P.B., a minor, by and through his guardian ad litem TASHA PERRY; ANTON FRANK BARRETT, individually, PASHANEY BARRETT, individually and A.P.B., a minor, by and through his guardian ad litem, TASHA PERRY,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; SEAN KENNEY; WAYLON BOYCE, MARK THOMPSON; AND DOES 1-50, inclusive; individually and in their official capacities as Police Officers for the CITY OF VALLEJO,<br><br>    Defendants. | Case No.: 2:13-CV-00846-JAM-CKD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY jUDGMENT/ADJUDICATION OF PLAINTIFFS' CLAIMS**<br>**[L.R. 260]**<br><br>**Date: April 22, 2015**<br>**Time: 9:30 a.m.**<br>**Courtroom 6, 14th Floor**<br><br>**Hon. John A. Mendez**<br><br>**Trial Date: July 20, 2015**<br>**Pre-Trial Conference: June 5, 2015** |

Plaintiffs hereby respond to Defendants' Separate Statement of Undisputed Facts, for purposes of this motion, as follows:

1

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 1. Anton Barrett Sr. [Barrett Sr."] died as the result of gunshot wounds he suffered in a police-involved shooting incident on May 28, 2012.<br><br>First Amended Complaint ["FAC"], ECF No. 6, ¶ 3. | Undisputed |
| 2. Immediately prior to the shooting incident, Barrett Sr. was operating a white Lexus SC400 through the streets of Vallejo.<br><br>FAC, ECF No. 6, ¶¶ 16 and 17.<br><br>Preston Decl. Exh. A Anton Frank Barrett ["Barrett Jr."] Dep. 59:12-16, 63:7-18, 97:3-25, 104:4-7. | Undisputed |
| 3. Anton Frank Barrett ("Barrett Jr.") was a front seat passenger and an individual named "Gas" was a rear seat passenger in the vehicle operated by Barrett Sr.<br><br>FAC, ECF NO. 6, ¶¶ 16 and 17.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 97:3-25, 104:4-7. | Undisputed |
| 4. Vallejo Police Department Officers Jaksch and Tai were patrolling in a marked police vehicle (Unit 155) designated as a DUI Enforcement Suppression Vehicle. Around midnight, the officers observed the white Lexus SC400 in the area of Sonoma Boulevard and Tennessee Street.<br><br>Preston Decl. Exh. B Tai Dep. 11:21-12:5, 16:20-22, 18:3-6, 18:17-24, 19:4-18.<br><br>Jaksch Decl. ¶ 2. | Undisputed |
| 5. The Lexus exited a parking lot northbound on Sonoma Boulevard. The Lexus did not activate its turn signal and was traveling at a high rate of speed, scraping the pavement as it exited.<br><br>Jaksch Decl. ¶ 4. | Undisputed |

2
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| 6. | There was a traffic stop in progress on Sonoma, approximately 50 yards south of Tennessee Street. The lights from the patrol vehicle making that stop were flashing. Officer Jaksch suspected that the Lexus was potentially trying to get away from this police activity.<br><br>Jaksch Decl. ¶ 5. | Undisputed |
| 7. | Based on his years of experience patrolling in the City of Vallejo Officer Jaksch was aware that the area of Tennessee and Sonoma is an area where a high rate of crime occurs. In light of his observation and experience, Officer Jaksch was suspicious that the Lexus may be involved in criminal activity.<br><br>Jaksch Decl. ¶ 6. | Undisputed |
| 8. | The Lexus was "blacked out", meaning it had no head lights or tail lights activated. Officer Jaksch told Officer Tai that the Lexus had no lights.<br><br>Preston Decl. Exh. B Tai Dep. 22:21-24:6, 25:7-9.<br><br>Jaksch Decl. ¶ 7. | Undisputed |
| 9. | The Lexus accelerated away from them. Officer Jaksch activated the lights and siren on Unit 155<br><br>FAC, ECF No. 6, ¶¶ 16 and 17.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 59:12-16, 114:6-20:115:12-25, 116:4-17, 117:9-13, 118:23-119:8, 119:17-120:5.<br><br>Preston Decl. Exh. B Tai Dep. 25:10-11, 25:15-26:10, 26:19-25.<br><br>Jaksch Decl. ¶¶ 8-10. | Undisputed |
| 10. | Vallejo Police Officers Dustin Joseph and Sean Kenney were also patrolling in a marked patrol car driven by Officer Joseph in the vicinity of Sonoma Boulevard and Tennessee Street when they heard a radio dispatch from Officer Tai regarding the pursuit and observed Unit 155 pursuing the Lexus. | Undisputed |

3
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| Preston Decl. Exh. C Joseph Dep. 20:4-24, 21:4-11, 21:12-17, 21:24-22:15, 24:13-15.<br><br>Preston Decl. Exh. D Kenney Dep. 58:24-59:23. | |
| 11. Officers Kenney and Joseph joined the pursuit and were approximately two blocks behind Unit 155.<br><br>Preston Decl. Exh. C, Joseph Dep. 20:4-24, 21:4-11, 21:12-17, 21:24-22:15, 24:13-15.<br><br>Preston Decl. Exh. D, Kenney Dep. 58:24-59:23. | Undisputed |
| 12. Barrett Sr. did not stop his vehicle in response to the marked police vehicles pursuing him.<br><br>FAC, ECF No. 6, ¶¶ 16 and 17.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 59:12-16, 112:22-24, 114:1-20, 115:12-25, 116:4-17, 117:9-13, 118:23-119:8, 119:17-21, 120:2-5, 180:10-182:16, Exh. 4.<br><br>Preston Decl. Exh. B Tai Dep. 25:7-27:8, 29:14-18.<br><br>Preston Decl. Exh. C Joseph Dep. 21:4-17, 33:14-34:24.<br><br>Jaksch Decl. ¶¶ 8-10. | Undisputed |
| 13. From the time Barrett Sr. began to lead the Vallejo Police Officers on a high speed pursuit up to the shooting involving Barrett Sr. the officers were faced with rapidly evolving, chaotic and potentially life-threatening circumstances.<br><br>Preston Decl. Exh. B Tai Dep. 27:7-8, 29:14-18, 37:16-18, 40:24-25, 41:5-11, 42:25-43:8, 43:12-14, 43:17-23, 44:2-12, 47:23-48:18.<br><br>Preston Decl. Exh. C Joseph Dep. 40:3-11, 40:23-42:24, 43:13-22, 44:4-7, 48:9-22, 50:3-9. | Disputed. The quality, characterization and nature of the pursuit is a fact question for the finder of fact. |

| | |
|---|---|
| Preston Decl. Exh. D Kenney Dep. 77:25-78:19, 81:18-82:24, 84:23-85:7, 85:14-16, 88:10-19, 94:10-20, 106:25-108:14, 110:18-112:17.<br><br>Jaksch Decl. ¶¶ 4-17.<br><br>Zwickey Decl., Exh A. | |
| 14. The Lexus was without lights and was traveling at a high rate of speed in excess of the posted limit, sending up a lot of dust, running a stop light and several stop signs, hitting a curb, blowing tires, and traveling at times on the wrong side of the street during the pursuit.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 59:12-16, 110:18-23, 112:22-24, 114:1-20, 115:6-25, 116:4-17, 117:9-13, 118:23-119:8, 119:17-21, 120:2-5, 180:10-182:16, Exh. 4.<br><br>Preston Decl. Exh. B Tai Dep. 25:7-27:8, 29:14-18.<br><br>Preston Decl. Exh. C Joseph Dep. 21:4-17, 33:14-34:24.<br><br>Preston Decl. Exh. D Kenney Dep. 59:24-60:2, 10-18, 62:14-65:11.<br><br>Jaksch Decl. ¶¶ 4-13. | Disputed. The Lexus ran a red light and several stop signs while making right turns; he exceeded the posted speed limit of 35 by going 42 to 43 mph; he traveled on the wrong side of the road on a dead-end street where he ultimately came to a stop and bailed, and Barrett Sr. accumulated these traffic violations by evading the police for an approximate distance of 6/10 of a mile, all while injuring no one and only causing damage to his own vehicle.<br><br>Pointer Decl., Exhibit B, Supplemental Police Report pp. 12, 15. |
| 15. Officers Joseph and Kenney observed the vehicles involved in the pursuit turn northbound on Old Wilson Avenue.<br><br>Preston Decl. Exh. C Joseph Dep. 21:24-22:24, 24:5-12.<br><br>Preston Decl. Exh. D Kenney Dep. 65:15-23. | Undisputed. |
| 16. The rear parking lot of the apartment complex at the end of Wilson is the termination of a driveway that runs from Wilson around the apartment buildings. This was known to the pursuing officers.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 120:6-19, 121:18-24.<br><br>Preston Decl. Exh. B Tai Dep. 35:15-22, | Undisputed. |

5
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | 36:19-37:8.<br><br>Preston Decl. Exh. C Joseph Dep. 21:24-22:24, 24:5-12.<br><br>Preston Decl. Exh. D Kenney Dep. 65:15-67:12.<br><br>Jaksch Decl. ¶ 13. | |
| 17. | Officer Jaksch drove Unit 155 into the parking lot behind the Lexus, which stopped. Barrett Sr. and Barrett, Jr. exited the Lexus and ran southbound across the parking lot.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 122:6-7, 122:22-123:19, 124:9-19. 124:23-125:21, 126:3-12, 127:6-128:4, 172:1-8, 174:17-175:11, 177:17-178:12, 183:18-184:6, 185:13-19, 185:20-25, 187:3-17, Exhs. 1, 7 and 8.<br><br>Preston Decl. Exh. B Tai Dep. 37:9-18, 38:11-14, 40:24-25.<br><br>Jaksch Decl. ¶¶ 14, 15, 16. | Undisputed. |
| 18. | The driver was wearing dark pants and a dark jacket or sweatshirt.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 104:15-17.<br><br>Preston Decl. Exh. B Tai Dep. 44:13-17.<br><br>Preston Decl. Exh. D Kenney Dep. 109:18-110:5.<br><br>Jaksch Decl. ¶ 14. | Undisputed. |
| 19. | Officers Jaksch and Tai exited their patrol vehicle. Officer Jaksch made eye contact with Barrett Sr. and ordered him to stop. Officer Tai also ordered Barrett Sr. to stop.<br><br>Preston Decl. Exh. B Tai Dep. 41:5-11, 41:15-42:20, 42:25-43:8, 45:15-18.<br><br>Jaksch Decl. ¶ 14, 15, 16. | Undisputed. |
| 20. | Barrett Sr. did not comply with the commands of Officers Jaksch and | Undisputed. |

6
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| Tai. Barrett Sr. continued running, first south and then turned west where he entered a dark breezeway between two apartment buildings disappearing from the view of Officers Jaksch and Tai. Officer Tai got out his Taser as he continued running after Barrett Sr.<br><br>Preston Decl. Exh. B Tai Dep. 47:23-48:4.<br><br>Jaksch Decl. ¶¶ 14, 15, 16. | |
| 21. Barrett, Jr. continued running south, ascended stairs, jumped over a gate, and disappeared from the officers' view. Barrett, Jr. ultimately hid in bushes on Farragut Avenue.<br><br>Preston Decl. Exh. A Barrett Jr. Dep. 122:6-7, 122:22-123:19, 124:9-19. 124:23-125:21, 126:3-12, 127:6-128:4, 172:1-8, 174:17-175:11, 177:17-178:12, 183:18-184:6, 185:13-19, 185:20-25, 187:3-17, Exhs. 1, 7 and 8.<br><br>Preston Decl. Exh. B Tai Dep. 38:11-14.<br><br>Jaksch Decl. ¶ 14. | Undisputed. |
| 22. Given the high speed vehicle pursuit, the Lexus operator's refusal to stop for clearly marked law enforcement vehicles with lights and sirens activated, and the continued attempt to flee, Officer Kenney suspected the occupants of the Lexus of criminal activity and was also concerned for the public's safety.<br><br>Preston Decl. Exh. D Kenney Dep. 61:19-63:9; 67:16-21. | Undisputed. |
| 23. Officers Joseph and Kenney drove up to the front of the apartment complex where Officer Kenney got out of the patrol car.<br><br>Preston Decl. Exh. C Joseph Dep. 32:3-20.<br><br>Preston Decl. Exh. D Kenney Dep. 68:1-17, 69:25-71:4, 76:24-77:6. | Undisputed. |

| | |
|---|---|
| 24. As he exited the patrol car Officer Kenney heard a loud "pop" coming from the area where the pursuit terminated. Officer Kenney did not know whether the sound was made by a gun shot, a tire blowout, a car door slamming or something else but believed that the sound represented some kind of threat to the officers on the other side of the building. Kenney started running through the breezeway toward the back parking lot. Given his experience and based on what he had seen and heard, including his knowledge that fleeing suspects are often armed, Officer Kenney pulled out his weapon.<br><br>Preston Decl. Exh. D Kenney Dep. 68:1-17, 69:25-71:5, 76:24-77:6, 77:20-24, 81:18-82:24, 84:23-85:7, 85:22-86:11. | Undisputed. |
| 25. Officer Joseph observed Officer Kenney run eastbound toward the breezeway of the apartment building. Officer Joseph pulled the patrol vehicle ahead a few feet and then observed Barrett Sr. running westbound into the breezeway from the rear of the apartment building. Officer Joseph observed that Barrett Sr. had his hands in his waistband area as he ran. He saw Barrett Sr. running towards where Officer Kenney was dropped off. Barrett Sr. and Officer Kenney were essentially running towards each other. Officer Joseph stopped and exited toward the rear of the patrol vehicle.<br><br>Preston Decl. Exh. C Joseph Dep. 39:19-40:11, 41:12-42:6, 42:12-17, 43:5-22, 44:4-45:22, 47:15-22, 48:5-22, 52:12-16. | Undisputed. |
| 26. Officer Kenney was running eastbound through the breezeway between the apartment buildings towards the back parking lot when suddenly he observed Barrett Sr. was running westbound at him.<br><br>Preston Decl. Exh. D Kenney Dep. 77:25-78:8, 85:8-16, 88:10-19, 89:17-91:3, 91:4-6, 92:8-11, 98:16-24. | Undisputed. |

8
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| 27. Officer Kenney immediately stopped and retreated, backing up and moving to his right.<br><br>Preston Decl. Exh. D Kenney Dep. 95:24-96:6, 101:19-102:18. | It is undisputed that this is Defendant Kenney's testimony. |
| 28. Officer Kenney ordered Barrett Sr. to "stop." Barrett took a "chop" or "stutter" step, made a swiping motion with his left arm and hand that appeared to Officer Kenney to be an attempt to touch Kenney or Kenney's gun, and continued to move toward Officer Kenney. Officer Kenney continued to backpedal and commanding Barrett Sr. to "stop."<br><br>Preston Decl. Exh. D Kenney Dep. 94:10-20, 95:24-96:6, 98:25-99:11, 99:19-100:20, 101:19-102:12, 103:1-10, 106:7-22. | It is undisputed that this is Defendant Kenney's testimony. |
| 29. Barrett then quickly reached his right hand into his front sweatshirt pocket and began to pull out what appeared to Officer Kenney to be a gun.<br><br>Preston Decl. Exh. D Kenney Dep. 106:7-110:2, 110:18-113:23, 114:7-116:12. | Disputed. Officers Joseph and Tai observed Barrett Sr.'s hands already in his waistband as he ran.<br>Pointer Decl., Exhibit B, Supplement Police Report at pp. 13 and 14. |
| 30. Barrett Sr.'s persistence in fleeing, refusal to obey commands, continuing at Officer Kenney, swiping his hand at Officer Kenney, and quickly reaching into and then start pulling his hand out of his right front sweatshirt pocket, in addition to Officer Kenney's experience, led Officer Kenney to believe that Barrett Sr. was going for a gun. Officer Kenney fired his weapon to neutralize what he perceived to be immediate deadly threat posed by Barrett Sr.<br><br>Preston Decl. Exh. D Kenney Dep. 102:3-10, 103:1-10, 104:18-105:9, 106:7-110:2, 110:18-113:23, 114:7-116:12. | It is undisputed that this is Defendant Kenney's testimony. |
| 31. As Officer Kenney fired, Kenney stepped to his left. Barrett Sr. | It is undisputed that this is Defendant Kenney's testimony. |

9
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| continued on the same path and then turned towards the south away from Kenney.<br><br>Preston Decl. Exh. D Kenney Dep. 113:18-115:3, 116:8-12. | |
| 32. Within seconds after Barrett Sr. disappeared from their view Officers Tai and Jaksch heard gun shots.  Officer Joseph also heard the gun shots but could not see either Barrett Sr. or Kenney from his position. Officers Tai and Joseph immediately ran toward the area from where the sounds came.<br><br>Preston Decl. Exh. B Tai Dep. 47:23-25, 48:1-12, 48:14-18.<br><br>Preston Decl. Exh. C Joseph Dep. 49:6-9, 49:23-50:22.<br><br>Jaksch Decl. ¶¶ 16, 17. | Undisputed. |
| 33. Officers Tai and Joseph approached the area where Officer Kenney and Barrett Sr. were and Officer Kenney announced to these officers several times that Barrett Sr. had a gun.<br><br>Preston Decl. Exh. B Tai Dep. 56:22-57:1.<br><br>Preston Decl. Exh. C Joseph Dep. 49:10-50:22, 56:24-57:17. | Undisputed. |
| 34.  Both Officers Tai and Joseph observed Barrett Sr. lying on the ground with his hands under his body as they approached.  Both observed Barrett Sr. moving or attempting to get up.<br><br>Preston Decl., Exh. B Tai Dep. 57:14-25, 59:10-60:24.<br><br>Preston Decl., Exh. C Joseph Dep. 49:10-50:22, 56:24-57:17. | Undisputed. |
| 35. Based on the circumstances observed by and known to Officer Tai, including Barrett Sr.'s attempts to flee law enforcement officers, Barrett Sr.'s refusal to comply with officers' commands, gunshots being fired, Officer Kenney yelling that | Undisputed. |

10
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| Barrett, Sr. has a gun, and Barrett Sr.'s hands not being visible as he was rolling onto his side and raising up toward Officer Tai, Officer Tai believed it was necessary to and did discharge his Taser towards Barrett Sr. for a single five second cycle to bring Barrett Sr. back into compliance. Barrett Sr. fell back down.<br><br>Preston Decl., Exh. B Tai Dep. 50:6-16, 54:15-21, 56:22-57:1, 57:14-25, 59:10-60:24, 68:8-17, 69:17-20. | |
| 36. A black blocky object consisting of a metal wallet was located in the right front pocket of Barrett Sr.'s sweatshirt when he was handcuffed and searched after the shooting.<br><br>Preston Decl. Exh. C Joseph Dep. 68:13-69:25, 74:10-18. | Undisputed. |
| 37. Tarrie Wagner and Tammy Neal were, as of May 28, 2012, residents of separate apartments within the complex on Wilson.<br><br>Preston Decl. Exh G Neal Dep. 11:15-23.<br><br>Preston Decl. Exh. H Wagner Dep. 16:14-20. | Undisputed. |
| 38. The women heard vehicles driving fast northbound on Wilson and heard screeching tires, vehicles revving, sirens and saw red and blue flashing lights.<br><br>Preston Decl., Exh G Neal Dep. 23:22-24:4, 13-20, 24:24-25:13, 17-19, 26:6-12, 26:24-28:8, 28:17-29:13.<br><br>Preston Decl. Exh. H Wagner Dep. 27:14-23, 27:24-28:10, 33:7-34:21. | Undisputed. |
| 39. Neal could see blue and red strobe lights shining through her window blinds.  She heard someone running southbound.  She also heard someone yell "Stop, I said stop" and "Get your hands up."  She then | Undisputed. |

11
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | heard gun fire consisting of 4 or 5 shots.<br><br>Preston Decl., Exh. G Neal Dep. 29:14-30:20, 31:2-24, 35:20-24, 36:3-38:10. | |
| 40. | Wagner also heard the words "Stop!" being yelled at least twice and heard the words "Raise your hands" and "put your hands in the air" also yelled.  Soon after hearing these words yelled she heard four or five gun shots.<br><br>Preston Decl., Exh. H Wagner Dep. 28:15-25, 38:12-39:3, 46:21-47:6. | Undisputed. |
| 41. | The physical evidence is consistent with Officer Kenney's recitation of the incident, including the location of the fired cartridge casings, the retrieval of a metal wallet from Barrett Sr.'s person, and the nature and location of the gunshot wound to Barrett Sr.'s right forearm as consistent with Barrett Sr.'s right hand being near his right front sweatshirt pocket when he was shot.<br><br>Preston Decl. Exh. E Coroner's report.<br><br>Alexander Decl., Exh. A, p.15. | Undisputed. |
| 42. | The physical evidence, autopsy report and officer's description are consistent with 5 gunshot wounds to Barrett Sr. and are consistent with a rapid rotation by Barrett Sr. while the shots were fired in the following sequence: (1) a bullet entering the abdomen in a front to back and downward angle while Barrett Sr. was facing Officer Kenney; (2) a bullet entering and exiting the forearm approximately 5" above the right wrist while the forearm was in a position consistent with the right hand in or being withdrawn from the pocket with the right arm bent at the elbow and beyond the lateral line of the torso; (3) a bullet entering the right side of the chest and exiting the top of the left shoulder, right to left and upward; and (4) and (5) bullets | Undisputed. |

12
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | entering the left buttock back to front upward and leftward and entering the right upper back, back to front and upward that cannot be individually sequenced.<br><br>Preston Decl. Exh. D Kenney Dep. 106:23-108:18, 110:18-112:23, 114:7-115:3.<br><br>Preston Decl. Exh. E, Coroner's Report.<br><br>Alexander Decl. Exh. A, pp. 5-8. | |
| 43. | The amount and the type of force used by Officer Kenney were consistent with his training.<br><br>Preston Decl., Exh. D Kenney Dep. 23:9-28:20, 29:1-34:7, 35:7-37:1.<br><br>Preston Decl. Exh. F DEF 912-922, 997-1023 (filed under seal).<br><br>Zwicky Decl. Exh. A, pp. 18-26. | Disputed, Whether Defendant Kenney's conduct was consistent with his training is a question for the finder of fact. |
| 44. | The use of deadly force by Officer Kenney was consistent with the Vallejo Police Department's Use of Force policy and law enforcement practices.<br><br>Preston Decl., Exh. D Kenney Dep. 23:9-28:20, 29:1-34:7, 35:7-37:1.<br><br>Preston Decl. Exh. F DEF 912-922, 997-1023 (filed under seal).<br><br>Zwickey Decl. Exh. A, pp. 18-26. | Disputed, Whether Defendant Kenney's conduct was consistent with policy is a question for the finder of fact. |
| 45. | The force used by Officer Tai in discharging his Taser was consistent with his training.<br><br>Preston Decl., Exh. B Tai Dep. 50:5-52:24, 56:22-57:1, 57:14-25, 59:10-60:24, 68:8-17, 69:17-20, 72:6-19, 74:9-22.<br><br>Preston Decl. Exh. F DEF 912-922, 997-1023 (filed under seal).<br><br>Zwickey Decl. Exh. A, 11-15. | Undisputed. |
| 46. | The use of force by Officer Tai was | Undisputed. |

| | | |
|---|---|---|
| | consistent with the Vallejo Police Department's Use of Force and Taser Deployment policies and law enforcement practices.<br><br>Preston Decl. Exh.B Tai Dep. 50:5-52:24, 56:22-57:1, 57:14-25, 59:10-60:24, 68:8-17, 69:17-20, 72:6-19, 74:9-22.<br><br>Preston Decl. Exh. F DEF 912-922, 997-1023 (filed under seal).<br><br>Zwickey Decl. Exh. A, pp. 11-15. | |
| 47. | Neither Officer Boyce nor Officer Thompson personally participated in any alleged use of force against Barrett Sr.<br><br>Preston Decl. Exh. I Boyce Dep. 32:1-14.<br><br>Preston Decl. Exh. J, Thompson Dep. 54:10-13, 20-23, 54:24-55:8, 57:10-18. | Undisputed. |
| 48. | Officer Kenney was not near Barrett, Jr. at the time he was taken into custody and did not hear any racial slur directed at Barrett, Jr.<br><br>Preston Decl. Exh. D Kenney Dep. 130:8-16. | It is undisputed that this is Defendant Kenney's testimony. |
| 49. | Officers Kenney, Joseph, Tai, and Jaksch were fully uniformed at the time of the incident and were readily recognizable as law enforcement officers.<br><br>Preston Decl. Exh. B Tai Dep. 15:14-16:5, Exh. 1.<br><br>Preston Decl. Exh. C. Joseph Dep. 86:23-87:6.<br><br>Preston Decl. Exh. D. Kenney Dep. 56:16-25.<br><br>Jaksch Decl. ¶ 3. | Undisputed. |
| 50. | From his position, Barrett, Jr. could not see the walkway where Barrett Sr. was located when the shooting | Undisputed. |

14
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | occurred.<br><br>Preston Decl., Exh. A Barrett, Jr. Dep. 122:22-123:19, 124:9-125:21, 128:11-22, 129:16-25, 130:23-131:11, 133:3-7, 172:1-8, 178:6-12, 183:18-184:6, 185:13-25, 187:3-17, Exhs. 1, 7 and 8. | |
| 51. | Barrett Jr. heard two gun shots. Barrett Jr. did not visually observe the shooting.<br><br>Preston Decl., Exh. A Barrett Jr. Dep. 122:22-123:19, 124:9-125:21, 128:11-22, 129:16-25, 130:23-131:11, 133:3-7, 172:1-8, 178:6-12, 183:18-184:6, 185:13-25, 187:3-17, Exhs. 1, 7 and 8. | Undisputed. |
| 52. | Following the incident biological samples including blood were taken from Barrett Sr. and his blood tested positive for ethyl alcohol in the level of 0.18 grams %.<br><br>Preston Decl., Exh. L, Stipulation Re Chain of Custody.<br><br>Preston Decl. Exh. M, Records of John Muir Medical Center.<br><br>Preston Decl. Exh. N, Records of Central Valley Toxicology. | Undisputed. |
| 53. | Barrett, Jr. was drunk and high on marijuana at the time of the incident.<br><br>Preston Decl., Exh. A Barrett, Jr. Dep. 43:3-6, 197:14-16. | Undisputed. |
| 54. | Plaintiff Estate of Anton Barrett provided the following facts regarding an alleged violation by Officer Kenney of Ca. Civil Code section 51.7:<br><br>"This responding party is informed and believes, believes and thereon alleges Defendant Kenney has used deadly force against to African Americans. Neither Plaintiff Barrett Sr. nor Plaintiff Barrett Jr. were (sic) armed and both are readily identifiable as African Americans. None of the Defendants are African | Disputed. Plaintiffs also provided Plaintiff Anton Barrett Jr.'s testimony that Defendants Thompson and Boyce called him "nigger," "black nigger," among other racial slurs as they beat him and attempted to apprehend him.<br><br>Pointer Decl., Exhibit F, Barrett Jr. Depo at 136:23-137:23, 138:3-139:25. |

15
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| Americans." <br><br> FAC, ECF No. 6, ¶ 60. <br><br> Preston Decl. Exh. K Plaintiff Estate of Barrett Sr. Initial and Amended Responses to Interrogatories, Interrogatory No. 4. | |
| 55. Plaintiffs allege against the City of Vallejo the existence of an "entrenched culture" and official custom, policy and practice of deliberate indifference that led to the May 28, 2012 police-involved incidents with Barrett Sr. and Barrett Jr. Plaintiffs allege that the City "approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized [a] continuing pattern or practice of misconduct and/or civil rights violations" as evidenced by the following: <br><br> (1) Failure to discipline its officers involved in the Barrett and other incidents allegedly involving "improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up the defendants' misconduct; <br><br> (2) A repeated pattern and practice of the defendant officers using excessive, arbitrary and/or unreasonable force; <br><br> (3) Deliberate indifference to the constitutional rights of the City's minority citizens; <br><br> (4) Four police-involved shootings resulting in fatalities between May 25 and July 4, 2012 and a total of six fatalities from police-involved shootings in the 2012 calendar year; and <br><br> (5) Constitutional defects in the officers' training. <br><br> FAC, ECF No. 6, ¶ 26-29 and 47-51. | Undisputed. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| 56. Officers Kenney, Boyce and Thompson have no history of misconduct, complaints or discipline reflecting a "repeated pattern and practice of using excessive, arbitrary and unreasonable force," discrimination, racial profiling, unlawful arrest or dishonesty.<br><br>Preston Decl. Exh. D Kenney Dep. 48:4-50:7, 51:4-24, 52:7-13.<br><br>Preston Decl. Exh. F DEF 927-936 (filed under seal).<br><br>Preston Decl. Exh. I Boyce Dep. 14:15-15:5, 80:1-82:4. | Disputed, Defendants Kenney and Thompson are defendants in multiple litigations alleging constitutional violations of unreasonable and excessive force, including multiple uses of deadly force.<br><br>See e.g., *Moore et al. v. City of Vallejo et al.*, 2:14-cv-00656-JAM-KJN (alleging unreasonable use of deadly force by Defendant Kenney); *Hicks v. City of Vallejo et al.*, 2:14-cv-00669-KJM-DAD (alleging excessive force against Defendant Kenney wherein he choked a man and woman during a traffic stop); *Johnson et al v. City of Vallejo et al*, 2:13-cv-01072-JAM-KJN (alleged unreasonable deadly force against Defendant Kenney); *IDC v. City of Vallejo et al*, 2:13-cv-01987-DAD (alleging excessive force against Defendants Kenney and Thompson wherein they beat and choked a minor); Pointer Decl., Exhibit A, Kenney Depo at 7-12. Exhibit G, Thompson Depo at 39:9-42:14, 100:22-24. |
| 57. Officers Kenney, Boyce and Thompson are POST certified. Each officer has and continues to receive training through his employment with the Vallejo Police Department. Each officer is familiar with and trained according to Vallejo Police Department Policies.<br><br>Preston Decl. Exh. D Kenney Dep. 16:15-20:5, 22:10-25:17, 29:7-30:2, 30:10-37:1, 80:24-81:20.<br><br>Preston Decl. Exh. F DEF 912-926, 997-1023 (filed under seal).<br><br>Preston Decl. Exh. I Boyce Dep. 11:5-23, 14:15-15:5, 16:9-17:1, 80:1-82:4.<br><br>Preston Decl. Exh. J Thompson Dep. 10:10-13, 11:12-13:9, 43:2-8.<br><br>Zwickey Decl., Exh. A. | Undisputed. |
| 58. The training policies of the Vallejo Police Department were adequate and City officials were not deliberately indifferent to the adequacy of training policies. | Disputed. Whether Defendant City is deliberately indifferent to the adequacy of its training policies is a question of fact for the jury. |

17
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| Zwickey Decl., Exh. A. | |

Dated: April 8, 2015                    **The Law Offices of John L. Burris**

                                        By:  /s/ Adanté Pointer
                                              Adanté Pointer
                                              Attorney for Plaintiffs